NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUELA DIEGO-AGUIRRE; et al., | No. 20-72180 |
| Petitioners, | Agency Nos. A206-462-731 |
| v. | A206-462-732 |
| | A206-462-733 |
| | A206-462-734 |
| MERRICK B. GARLAND, Attorney General, | A206-462-735 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2022
Pasadena, California

Before: KELLY,** M. SMITH, and COLLINS, Circuit Judges.

Petitioners Manuela Diego-Aguirre and her children—adults Dominga

Maribel and Manuela Selena Rodas-Diego, and minors Diego and Esteban Rodas-

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Diego[1]—seek review of the Board of Immigration Appeals' (BIA) decision dismissing Petitioners' appeal from an Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA adopted the IJ's decision and cited *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). "We therefore review the decision of the IJ, as well as any additional reasoning offered by the BIA." *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We review the factual findings underlying the BIA's denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022).[2] Those findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the BIA's determination that there was no nexus between any harm Petitioners suffered and their proposed particular social

---

[1] Hereinafter, we refer to lead petitioner Manuela Diego-Aguirre as "Petitioner" and the family group as "Petitioners."

[2] There is a question as to whether this court reviews de novo or for substantial evidence the BIA's determination that agreed upon facts do not constitute persecution. *See Flores Molina*, 37 F.4th at 633 n.2. We need not resolve this issue here as it does not affect the outcome of this case.

groups. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) ("The petitioner has the burden to prove that a nexus exists between the persecution and a protected ground." (citation omitted)). While the events described by Petitioner are lamentable, the BIA reasonably concluded that not one of the proposed social groups was a reason why Petitioners were targeted. Thus, the record evidence does not compel a contrary conclusion.

2. Substantial evidence also supports the BIA's finding that there was no nexus between Petitioners' fear of future persecution and their imputed anti-gang political opinion. Petitioner's twin sons have not been targeted for recruitment, and there is no indication that the gangs perceived Petitioner or her family as anti-gang. Further, the gang members' treatment of Dominga appears to constitute isolated acts of harassment untethered to any specific motive. Thus, a finding of nexus is not compelled as nexus "can[not] be inferred merely from acts of random violence." *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) (alteration in original) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)).

3. Lastly, substantial evidence supports the BIA's denial of CAT relief. Petitioners fear they will be tortured by gang members at the acquiescence of a Guatemalan government official should they be removed. Petitioners waived any challenge to the BIA's finding that their past harm did not rise to the level of torture. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). In

3

addition, the agency reasonably concluded that Petitioners had failed to show a future risk of torture by gangs or that Guatemalan officials would acquiesce in such torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**